IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phuong Pham,                              :
                 Petitioner        :
                                  :
          v.                     :
                                  :
Unemployment Compensation                 :
Board of Review,                          :    No. 384 C.D. 2024
              Respondent         :    Submitted: April 8, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MATTHEW S. WOLF, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE COVEY                               FILED: June 18, 2025

       Phuong Pham (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) February 29, 2024 order[1] affirming the Referee's decision that declared her ineligible for Pandemic Unemployment Assistance (PUA) benefits under Section 2102(a)(3)(A)(ii)(I) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act),[2] 15

---

[1] In her Petition for Review and brief, Claimant purports to appeal from the Referee's March 22, 2022 decision. However, because she appealed from the Referee's decision to the UCBR and the UCBR rendered a decision, she could only be timely appealing from the UCBR's order, and she attached both the Referee's decision and the UCBR's order to her Petition for Review and brief. Therefore, this Court will review the UCBR's order.

[2]        PUA provide[d] up to 79 weeks of benefits to qualifying individuals who [we]re otherwise able to work and available for work within the meaning of applicable state law, except that they [we]re unemployed, partially unemployed, or unable or unavailable to work due to COVID-19 related reasons, as defined in the CARES Act[, 15 U.S.C. §§ 9001-9141].

https://pua.benefits.uc.pa.gov/vosnet/default.aspx (last visited June 17, 2025). This Court may take judicial notice of public information on an official government website. *See Paluch v. Pa.*

U.S.C. § 9021(a)(3)(A)(ii)(I) (relating to covered individuals), for failing to verify her identity and that established a non-fraud overpayment of PUA and Federal Pandemic UC (FPUC) under Sections 2102(h) and 2104(f) of the CARES Act, 15 U.S.C. §§ 9021(h), 9023(f). Claimant presents two issues for this Court's review: (1) whether the Referee erred by concluding that Claimant was ineligible for PUA benefits for failing to authenticate her identity; and (2) whether equitable considerations, such as Claimant's good faith belief in her eligibility - being a self-employed business owner - supports waiving her non-fraud PUA and FPUC repayment obligations. After review, this Court reverses.

On April 18, 2020, Claimant applied for UC benefits effective March 15, 2020 through September 4, 2021, based on lack of available work due to the COVID-19 pandemic (Pandemic). Claimant received $6,428.00 in PUA benefits for the weeks ending April 4, 2020 through September 4, 2021, and $10,200.00 in FPUC during that time.

On December 27, 2020, the President signed into law the Consolidated Appropriations Act of 2020, which included at Division N, Title II, Subtitle A, the Continued Assistance to Unemployed Workers Act of 2020 (CAA), Pub. L. No. 116-260, 134 Stat. 1182, that amended certain PUA-related CARES Act provisions. Relevant here, as part of a multi-layered approach to fraud prevention and detection, the CAA modified the CARES Act to require each state to implement processes for PUA claimant identity verification by January 26, 2021. *The amendment applied to applications for PUA benefits submitted after December 27, 2020. See* January 8, 2021 United States (U.S.) Department of Labor, Unemployment Insurance Program Letter No. 16-20 Change 4 (UIPL 16-20).[3] It is unclear based on this record when

*Dep't of Corr.*, 175 A.3d 433 (Pa. Cmwlth. 2017); *see also Hill v. Dep't of Corr.*, 64 A.3d 1159 (Pa. Cmwlth. 2013).

[3] www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2021/UIPL_16-20_Change_4.pdf (last visited June 17, 2025).

2

the Pennsylvania Department of Labor and Industry (Department) implemented a claimant identity verification process and/or notified affected PUA claimants thereof.

On January 10, 2022, approximately four months after Claimant's PUA benefits ended on September 4, 2021, the UC Service Center retroactively denied Claimant's PUA claim based on her failure to provide information to authenticate her identity pursuant to Section 2102(a)(3)(A)(ii)(I) of the CARES Act. Also on January 10, 2022, the UC Service Center issued Notices of Determination of Non-Fraud PUA and FPUC Overpayments to Claimant under Sections 2102(h) and 2104(f) of the CARES Act for $6,428.00 and $10,200.00, respectively. That same day, Claimant appealed from the denial.[4] The matter was assigned to a Referee.

The Referee conducted a telephone hearing on March 21, 2022,[5] at which Claimant offered testimony (partially through an interpreter). Claimant confirmed that she received PUA and FPUC benefits in a lump sum of $5,000.00 for the period from March 21, 2020 through July 25, 2020, and then weekly thereafter, plus $600.00 per week in FPUC benefits for those same weeks. *See* Notes of Testimony (N.T.) at 10-11 (Certified Record (C.R.) at 58-59). Regarding her identity verification, Claimant offered:

> R[eferee (R)] Did you complete an online ID[.]me identification verification process?[6]

---

[4] In her appeal, Claimant stated: "I never received an email to show proof of employment. I only received an email notifying me of when I no longer qualified for PUA. I do have documentation to provide proof of employment." Certified Record (C.R.) at 23

[5] The Referee held a consolidated hearing on Claimant's appeal from the UC Service Center's denial and the PUA and FPUC overpayment determinations. *See* C.R. at 48-49.

[6] There is no record evidence regarding if or when the Department began requiring claimants to verify their identity with ID.me. The record is also devoid of any evidence as to how or when the Department notified PUA claimants of the requirement as a prerequisite or post-application requirement for PUA eligibility.

C[laimant (C)] Are you asking for security?

R Did you verify your identity online through an online program?

C Yes. Yes.

R When did you do that?

C Let me read. I don't remember day, but at that point of COVID. . . .

R Did you provide any identification documents to the [UC] Service Center?

I[nterpreter] She's saying that she has to read the note from her daughter.

C So my daughter wrote here that I received a benefit March 15, 2020 through [September] 4, 2020 and received January 10, 2022 and after that, she did not receive anything else.

N.T. at 10-11 (C.R. at 58-59).

On March 22, 2022, the Referee issued her decision denying Claimant PUA benefits for the weeks ending March 21, 2020 through September 4, 2021, because "Claimant did not provide information to authenticate her identity." Referee Dec. at 2 (C.R. at 63); *see also* Referee Dec. at 4 (C.R. at 65). The Referee also concluded that since she was unable to conclude that Claimant engaged in fraud to receive them, the evidence established a non-fraud overpayment of $6,428.00 in PUA benefits for the weeks ending April 4, 2020 through September 4, 2021, under Section 2102(h) of the CARES Act, and a non-fraud overpayment of $10,200.00 in FPUC under Section 2104(f) of the CARES Act. *See* Referee Dec. at 4 (C.R. at 65).

On March 23, 2022, Claimant appealed from the Referee's decision to the UCBR,[7] asserting:

---

[7] The certified record does not reflect whether the Referee issued separate overpayment decisions or whether Claimant appealed therefrom to the UCBR.

4

> I would like to appeal my case once again because I feel I meet the criteria needed to qualify for PUA. The [P]andemic greatly impacted my business. I own a salon, one of the main businesses that would have been part of the shut down during quarantine. The business itself has been opened [sic] for over 20 years (The Nail Shop, Manheim, PA). The lack of communication from the PUA portal to my personal email caused me not to be notified to verify my proof of employment.

C.R. at 73-74.

On February 29, 2024, the UCBR adopted and incorporated the Referee's findings of fact and conclusions of law, and added:

> In this matter, [] [C]laimant failed to provide evidence to verify her identity. The record is devoid of any identification documents and [] [C]laimant is therefore ineligible for benefits under Section 2102(a)(3) of the CARES Act. Because [] [C]laimant is ineligible for PUA benefits, she must also be assessed an overpayment of those benefits already received by her.

UCBR Order at 1-2 (C.R. at 82-83). Claimant appealed to this Court.[8]

Claimant first argues that the UCBR erred by concluding that she was ineligible for PUA benefits for failing to authenticate her identity. Specifically, Claimant asserts that she "met all substantive eligibility criteria for PUA and FPUC benefits under the CARES Act[,]" relied in good faith on the benefits she was receiving, and her "failure to authenticate her identity in time was [] due to . . . unawareness . . . ." Claimant Br. at 8; *see also* Claimant Br. at 9.

---

[8] This Court's "review [of the UCBR's order] is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. [*See*] Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Hope v. Unemployment Comp. Bd. of Rev.*, 308 A.3d 944, 947 (Pa. Cmwlth. 2024).

Claimant also filed a request for reconsideration, which the UCBR denied on March 4, 2024.

This Court observes that the January 8, 2021 UIPL 16-20, regarding the CAA amendment requiring identity verification for PUA applicants, stated:[9]

> **Requirement to Verify Identity.** Section 242 of the [CAA] requires that states must include procedures for identity verification or validation for timely payment, to the extent reasonable and practicable, by January 26, 2021[,] (30 days after the enactment of the [CAA]) to ensure that they have an adequate system for administering the PUA program. Refer to [S]ection C.3. of Attachment I to this UIPL [16-20] for additional details.

*Id*. at 6. Section C.3 of UIPL 16-20 Attachment I added, in relevant part:

> Verification of Identity (Section 242(a) of the [CAA]) (**new**). Section 242(a) of [CAA] modifies Section 2102(f)(1) of the CARES Act. For states to have an adequate system for administering the PUA program, states must include procedures for "identity verification or validation and for timely payment, to the extent reasonable and practicable" by January 26, 2021, which is 30 days after December 27, 2020 (enactment of the [CAA]). **States that previously verified an individual's identity on a UC**, [**extended benefits**], **or** [**pandemic emergency UC**] **claim within the last 12 months are not required to re-verify identity on the PUA claim**, though the [U.S.] Department [of Labor] encourages the state to take additional measures if the identity is questioned. **Individuals filing new PUA initial claims** that have not

---

[9] [Although t]his Court has consistently held that UIPLs are merely interpretations of federal law that hold little persuasive value and are not binding on this Court or Commonwealth agencies[,] . . . UIPL 16-20 is one factor the Court may consider when interpreting the [l]aw. . . . Moreover, this Court has cited to UIPL 16-20 in cases involving claimants' PUA eligibility. *See Seader v. Unemployment Comp*[.] *B*[*d.*] *of Rev*[.] . . . (Pa. Cmwlth.[] No. 1328 C.D. 2022, filed Nov. 17, 2023); *see also Sindoni v. Unemployment Comp*[.] *B*[*d.*] *of Rev*[.] . . . (Pa. Cmwlth.[] No. 621 C.D. 2021, filed Mar. 14, 2022).

*Cunningham v. Unemployment Comp. Bd. of Rev.*, 330 A.3d 20, 26 n.9 (Pa. Cmwlth. 2025).

Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). The unreported cases herein are cited for their persuasive value.

**been through the state's identity verification process must have their identities verified to be eligible**.

*Id*. at I-12 (emphasis added). UIPL 16-20 declared that the CAA amendments regarding identity verification "**shall apply** . . . **beginning on the date that is 30 days after the enactment of this** [**CAA** . *See* Section 242(b) of the CAA]." *Id*. at IV-7. Accordingly, if the Department did not already have an identity verification process in place, it was required to do so by **January 26, 2021**, at the earliest.

Here, the UC Service Center denied Claimant's PUA claim on the basis that she "failed to provide information to authenticate [her] identity under Section 2102(a)(3)(A)(ii)(I) of the CARES Act." C.R. at 12. The UCBR adopted the Referee's conclusion that similarly concluded: "Claimant failed to provide information to authenticate her identity. Therefore, [] Claimant is ineligible for PUA benefits under the provisions of Section 2102(a)(3) of the CARES Act of 2020." Referee Dec. at 4 (C.R. at 65).

"In UC cases, the [UCBR] is the ultimate fact-finder and resolves issues of credibility and conflicting evidence[, and t]his Court is bound by those findings, provided they are supported by substantial evidence." *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024). "Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding." *Id*.

Section 2102(a)(3) of the CARES Act states:

**Covered individual**

The term "covered individual"--

**(A)** means an individual who--

**(i)** is not eligible for regular compensation or extended benefits [(EB)] under [s]tate or [f]ederal law or pandemic emergency [UC] under [S]ection [2107] of [the CARES Act, 15 U.S.C. § 9025], including an individual who has

7

exhausted all rights to regular unemployment or [EB] under [s]tate or [f]ederal law or pandemic emergency unemployment compensation [(PEUC)] under [S]ection [2107] of [the CARES Act];

**(ii)** provides self-certification that the individual--

**(I)** is otherwise able to work and available for work within the meaning of applicable [s]tate law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because--

**(aa)** the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis;

**(bb)** a member of the individual's household has been diagnosed with COVID-19;

**(cc)** the individual is providing care for a family member or a member of the individual's household who has been diagnosed with COVID-19;

**(dd)** a child or other person in the household for which the individual has primary caregiving responsibility is unable to attend school or another facility that is closed as a direct result of the COVID-19 public health emergency and such school or facility care is required for the individual to work;

**(ee)** the individual is unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency;

**(ff)** the individual is unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19;

**(gg)** the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency;

**(hh)** the individual has become the breadwinner or major support for a household because the head of the household has died as a direct result of COVID-19;

**(ii)** the individual has to quit his or her job as a direct result of COVID-19;

**(jj)** the individual's place of employment is closed as a direct result of the COVID-19 public health emergency; or

**(kk)** the individual meets any additional criteria established by the [U.S. Department of Labor] Secretary for unemployment assistance under this section; or

**(II)** is self-employed . . . .

15 U.S.C. § 9021(a)(3). That provision does not require or even reference PUA claimant identity verification.

Assuming that Claimant's PUA benefits were denied pursuant to Section 2102(a)(3)(A)(ii)(I)**(kk)** of the CARES Act, which requires a PUA claimant to "meet[] any additional criteria established by the [U.S. Department of Labor] Secretary for unemployment assistance[,]" 15 U.S.C. § 9021(a)(3)(A)(ii)(I)(kk), there is no record evidence that the Department required Claimant to verify her identity *when she applied for PUA* in April 2020. Rather, Claimant's 2020 PUA required nothing more than Claimant's driver's license number under "Identification Information[.]" C.R. at 6. Whether or not Claimant produced a driver's license in April 2020, *see id.*, the UCBR's focus in this appeal is clearly on Claimant's alleged *post-application* violation.

Importantly, both the CARES Act amendment and UIPL 16-20 impose a duty on *the Department* - not a claimant - to act by January 26, 2021.[10] Moreover, UIPL 16-20 specifically references the requirement for "[i]ndividuals **filing new PUA initial claims" after January 26**, **2021**. UIPL 16-20 at 1-12 (emphasis added). Whether and when the Department began requiring new PUA claimants to verify

---

[10] UIPL 16-20 notably is guidance for "state workforce agencies," including the Department, *see* UIPL 16-20 at 1, not claimants.

their identities is not included in the record or Pennsylvania's UC Law,[11] and this Court found no information to that effect on the Department's current website. UIPL 16-20 also explained that if the Department verified a PUA claimant's identity within the preceding 12 months, it was "**not required to re-verify identity** on the PUA claim," but could do so "if the identity is questioned." *Id*. (emphasis added).

The record nor the law nor the Department's website make clear to this Court that Claimant was legally obligated to verify her identity at any point *after* she filed her application in April 2020. While it may be true that the Department required her to do so, the record is also devoid of any evidence of when it implemented the new process and how and/or when Claimant was or should have been on notice that she was required to verify her identity. Because this Court cannot determine based on the UCBR's findings of fact and conclusions of law when the Department implemented a PUA claimant identity verification process pursuant to the CARES Act amendment, whether and when such process was applied to individuals like Claimant who were already receiving PUA benefits, and how and when Claimant was notified thereof, there is no record evidence to support the UCBR's conclusion that Claimant failed to authenticate her identity. Accordingly, the UCBR erred by denying Claimant PUA benefits and assessing non-fraud overpayments.[12]

Based on the foregoing, the UCBR's order is reversed.

_____
ANNE E. COVEY, Judge

---

[11] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[12] In light of this Court's holding, we need not address Claimant's second issue.

10

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Phuong Pham,                      :
          Petitioner          :
                           :
      v.                     :
                           :
Unemployment Compensation  :
Board of Review,           :   No. 384 C.D. 2024
          Respondent     :

<u>O R D E R</u>

AND NOW, this 18th day of June, 2025, the Unemployment Compensation Board of Review's February 29, 2024 order is reversed.

_____

ANNE E. COVEY, Judge